IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | |
| NORTH AMERICAN SAFETY PRODUCTS, INC., | ) ) | Case No.  12 B 03168 |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED SEPTEMBER 25, 2012

ARTICLE I
*Summary*

This Amended Plan of Reorganization ("Plan") under Chapter 11 of the Title 11 of the United States Code ("Bankruptcy Code") proposes to pay creditors of North American Safety Products, Inc. ("Debtor") from future revenues generated by the Debtor's business.

Generally the plan provides that all administrative creditors will be paid in full. Priority creditors will receive 100% of their allowed claims on the Initial Distribution Date. Secured Creditors will receive 100% of their allowed claims and their pre-petition agreements with the Debtor will remain undisturbed. General unsecured creditors, creditors holding claims based upon infringement judgments and creditors holding claims based upon discrimination claims will receive 20% of their allowed claims *pro rata* on a quarterly basis over three and one half years beginning on the first day of the third calendar quarter after the Effective Date of the Plan. Convenience class creditors holding claims of $500.00 or less will receive payment in full on the Effective Date of the Plan. Convenience choice class creditors holding clams in the amount of $501.00 to $1,000.00 may choose to be treated as convenience class creditors by agreeing to reduce their claims to $500.00. Creditors in the convenience choice class who do not choose to be treated as convenience class creditors will receive 20% of their clams *pro rata* on a quarterly basis over three and one half years beginning on the first day of the third calendar quarter after the Effective Date of the Plan. Claims of insiders will be subordinated and will not receive a distribution unless all other classes of creditors receive payment in full. Equity security holders will not receive a distribution.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

{00141130.DOC /}

## ARTICLE II
### *Classification of Claims and Interests*

| | | |
|---|---|---|
| 2.01 | Class 1 | Secured Claims: Allowed claims of creditors holding a valid perfected security interest in the assets of the Debtor. |
| 2.02 | Class 2 | Unsecured Claims: General Unsecured Claims. Allowed claims of creditors holding general unsecured claims. |
| 2.03 | Class 3 | Unsecured Claims: Employment Discrimination Claims. Allowed claims of creditors holding claims based upon employment discrimination. |
| 2.04 | Class 4a | Unsecured Claims: Convenience. Allowed claims of creditors holding claims in the amount of $500.00 or less. |
| 2.05 | Class 4b | Unsecured Claims: Convenience Choice. Allowed claims of creditors holding claims in the amount of $501.00 to $1,000.00. |
| 2.06 | Class 5 | Unsecured Claims: Insider Loans. Allowed claims of insiders who loaned money to the Debtor prior to the filing of the case. |
| 2.07 | Class 6 | Equity interests in the Debtor. |
| 2.08 | Class 7 | Unsecured Claims: Infringement Claims. Allowed claims of creditors holding claims based upon intellectual property infringement. |

## ARTICLE III
### *Treatment of Administrative Expense Claims*
### *Priority Tax Claims and U.S. Trustee Fees*

3.01    Unclassified Claims.    Under §1123(a)(1) of the Bankruptcy Code, administrative expense claims and priority tax claims are not in classes.

3.02    Administrative Expense Claims.

a.    *Professional Fees.* Each holder of an administrative expense claim allowed under §503 of the Bankruptcy Code will be paid in full on the Effective Date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. For fees approved after the Effective Date and before the entry of a final decree, payment will be made on the 14th day after the entry of an order approving the fees.

b.    *United States Trustee Fees.* All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the entry of a final

decree, the case is dismissed or the case is converted to another chapter of the Bankruptcy Code. Any U.S. Trustee Fees owed on or before the Effective Date of the Plan will be paid on the Effective Date.

3.03   Priority Tax Claims.  Each holder of a priority tax claim will be paid in full on the Initial Distribution Date.

## ARTICLE IV
### *Treatment of Claims and Interests Under the Plan*

4.01   Claims and interests shall be treated as follows under this Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 1 | Secured Claims – Secured Portion Pursuant to Settlement | Unimpaired | Upon confirmation of the Plan, Debtor shall continue to pay monthly installment payments to holders of Allowed Secured Claims in accordance with the terms of the pre-petition agreements between the parties which will continue beyond the term of the Plan. Holders of secured claims will retain their liens. Upon payment in full of all payments required by the pre-petition agreements between the Debtor and the holders of secured claims, holders of secured claims shall release their liens. |
| 2 | Unsecured Claims - General Unsecured Creditors | Impaired | Holders of general unsecured claims shall receive 20% of Allowed Claims without interest *pro rata* in 14 quarterly installments beginning on the first calendar day of the 3rd calendar quarter after the Effective Date of the Plan. |
| 3 | Unsecured Claims – Discrimination Claims | Impaired | Holders of general unsecured claims shall receive 20% of Allowed Claims without interest *pro rata* in 14 quarterly installments beginning on the first calendar day of the 3rd calendar quarter after the Effective Date of the Plan. |
| 4a | Unsecured Claims - Convenience Class | Impaired | Paid in full on the Initial Distribution Date. |

{00141130.DOC /}

3

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 4b | Unsecured Claims – Convenience Choice | Impaired | If creditor holding an Allowed Claim in this class and creditor elects to be treated as a Class 5a creditor, then the Allowed Claim of the creditor shall be reduced to $500.00 and shall be paid in full on the Effective Date of the Plan.<br><br>If creditor holding an Allowed Claim in this class and creditor does not elect to be treated as a Class 4a creditor, then creditor shall receive 20% of Allowed Claims without interest *pro rata* in 14 quarterly installments beginning on the first calendar day of the 3rd calendar quarter after the Effective Date of the Plan. |
| 5 | Claims of Insiders – Prepetition Loans | Impaired | This class will not receive a distribution under the Plan unless all unclassified claims and all classified claims in Classes 2, 3, 4a and 4b are paid in full. |
| 6 | Equity Security Holders | Impaired | Shares in the prepetition Debtor shall be cancelled. |
| 7 | Unsecured Claims – Infringement Claims | Impaired | Holders of general unsecured claims shall receive 20% of Allowed Claims without interest pro rata in 14 quarterly installments beginning on the first calendar day of the 3rd calendar quarter after the Effective Date of the Plan. |

# ARTICLE V
*Purchase of Shares in the Reorganized Debtor*

5.01    James Pfeiffer and Nicole Pfeiffer (the "Bidders") have offered to pay $35,000.00 in new value for one hundred percent (100%) of the stock of the post-confirmation Debtor ("Reorganized Debtor"), which shall be issued on the Effective Date. James Pfeifer shall hold 49% of the shares and Nicole Pfeiffer shall hold 51% of the shares. Bidders have submitted an earnest money deposit in the amount of $5,000.00. All Creditors and the general public will have an opportunity to bid for one hundred percent (100%) of the stock in the Reorganized Debtor upon the same terms and conditions offered the Bidders, in accordance with the following procedures (as may be approved by the Bankruptcy Court not less than seven (7) days preceding the Confirmation Hearing (the "Bid Procedures"): The stock will only be sold in one block of one hundred (100) shares. Creditors will not be permitted to bid their Claims as part of the purchase price. The Debtor will publish notice of the sale and the terms of the sale in a newspaper of general circulation at least fourteen (14) days prior to the hearing on confirmation of the Plan. Those parties seeking to acquire one hundred percent (100%) of the stock in the Reorganized Debtor will be required to serve written notice of their intention to bid on counsel to the Debtor and the U.S. Trustee (the "Notice Parties"), which notice shall contain the bidder's name, address, financial statements and tax returns

for the last two years, the terms of the bid and a verified statement that if the bid is accepted, the bidder will agree to abide by the terms of the sale as described above and perform the obligations of the Plan. The written notice must be accompanied by an earnest money deposit in the amount of $5,000.00 in the form of cashier's or certified check and must be received by Debtor's counsel on or before the last day to file ballots accepting or rejecting the Plan. The failure to provide written notice within the time provided will conclusively be deemed a waiver of the opportunity to purchase one hundred percent (100%) of the stock in the Reorganized Debtor. In the event that there are competing bids for one hundred percent (100%) of the stock in the Reorganized Debtor, the Court will hold an auction at the Confirmation Hearing. Competing bids will be offered at increments of $1,000.00. The successful bidder shall then be awarded one hundred percent (100%) of the stock in Reorganized Debtor. Payment for the stock will be due on the fifteenth day after the Effective Date of the Plan. In the event that the successful bidder fails to make the required payment, then the bid will be deemed withdrawn and the stock will be awarded to the next highest bidder.

## ARTICLE VI
### *Allowance and Disallowance of Claims and Estimation of Claims*

6.01   Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order and as to which either (a) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (b) no proof of claim has been filed and the Debtor has scheduled the claim as disputed, contingent, or unliquidated.

6.02   Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed portion of a claim unless and until the disputed portion of the claim is allowed by a final non-appealable order.

6.03   Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Bankruptcy Rule 9019.

6.04   Estimation of Claims. The Debtor may, at any time, request that the Bankruptcy Court estimate any disputed claim pursuant to §502(c) of the Bankruptcy Code regardless of whether the Reorganized Debtor has previously objected to the claim. In the event that the Bankruptcy Court estimates a disputed claim, the estimated amount may constitute either the amount of the allowed claim or a maximum limitation of the claim.

6.05 Cumulative Actions by Debtor. Debtor's objections to a claim or its request for estimation of a claim are cumulative and not necessarily exclusive of one another.

6.06 Settlement of Objections to Claim and Requests for Estimation of Claims. After confirmation of the Plan, the Reorganized Debtor may settle, compromise or otherwise resolve an objection to claim or request to estimate a claim without approval of the Bankruptcy Court.

## ARTICLE VII
*Provisions for Executory Contracts and*
*Unexpired Leases*

7.01 <u>Assumed Executory Contracts and Unexpired Leases.</u> Debtor assumed the lease for the real property commonly known as 9233 Gulf Stream Road, Frankfort, Illinois prior to confirmation of the plan.

Debtor hereby assumes the following leases for the identified personal property:

| Lessor | Description |
|---|---|
| NEC Financial Services | Minolta Bizhub C350 |
| Pitney Bowes Global | Desktop mailing system |
| Wells Fargo Financial Leasing, Inc. | 7535 Printer (Gestetner) |

7.02 <u>Rejected Executory Contracts and Unexpired Leases.</u> The Debtor will be conclusively deemed to have rejected all executory contracts or unexpired leases not expressly assumed under section 7.01 above as of the Effective Date of the Plan. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed by the Initial Distribution Date of the Plan.

## ARTICLE VIII
*General Provisions*

8.01 <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan. These definitions are supplemented by the following definitions:

(a) The Effective Date ("Effective Date") of the Plan will be the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order is not vacated.

(b) The Initial Distribution Date ("Initial Distribution Date") will be the thirtieth day after the Effective Date.

(c) The "Reorganized Debtor" shall refer to the Debtor as an entity created upon the entry of an order confirming the Plan.

8.02 <u>Effective Date of Plan.</u> The effective date of this Plan is the fourteenth business day following the date of the entry of the Order of Confirmation. But if a stay of the Confirmation Order is in effect on that date, the effective date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order is not vacated.

8.03    Severability. If any provision in this Plan is determined to be enforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of the entity.

8.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Illinois govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    Corporate Governance. Debtor proposes to issue one class of shares in the Reorganized Debtor. Therefore, pursuant to §1123(a)(6) of the Bankruptcy Code, Debtor will not issue nonvoting equity securities. Each class of securities will have the power to vote in the governance of the Debtor. No class of securities will have preference over another class with respect to dividends.

8.08    Bids for Shares in the Reorganized Debtor. In the event the bidders are not the successful bidders for the shares in the Reorganized Debtor, the Debtor will report to Nicole Pfeiffer regarding payments being made under the Plan. The reports will be made after each distribution under the Plan. If the Debtor defaults on the Plan payments, Nicole Pfeiffer may declare a default under the Plan. Nicole Pfeiffer will provide 10 day notice of default to the Reorganized Debtor. If the Reorganized Debtor fails to cure the default within 10 days of the issuance of the notice of default, Nicole Pfeiffer may petition the court to reinstate the case in order to reopen the bidding process for the shares of stock in the Reorganized Debtor. In the event that the Bidders wish to reinstate their original bid, then bidding for the shares shall follow the procedures outlined in Section 5.01. In the event that the Bidders not wish to reinstate their bid, the shares shall be advertised for sale in the open market and an auction shall be conducted pursuant to 5.01.

### ARTICLE IX
*Discharge, Return of Property and Vesting of Assets*

9.01    Discharge. On the Effective Date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the Effective Date, to the extent specified in §1141(d)(1)(A) of the Bankruptcy Code. However, Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in §1141(d)(6)(A) if a timely complaint was filed in accordance with Bankruptcy Rule 4007(c), or of a kind specified in §1141(d)(6)(B). After the Effective Date of the Plan, your claims against the Debtor will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

9.02 <u>Vesting of Assets.</u> On the Effective Date of the Plan, Debtor's right, title and interest in and to its assets shall vest in the Reorganized Debtor.

## ARTICLE X
### *Retention of Jurisdiction*

The Bankruptcy Court shall retain jurisdiction over this Chapter 11 Case for the following purposes:

10.01  Resolution of any and all objections to claims and requests to estimate claims.

10.02  Determination of all questions and disputes regarding all causes of action, controversies, disputes or conflicts, whether or not subject to pending actions as of the Effective Date, between (a) the Reorganized Debtor and any other party, or (b) otherwise under the Plan, the Confirmation Order or any other order issued by the Bankruptcy Court in connection with this Chapter 11 Case.

10.03  The correction of any defect and the curing of any omission or inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan.

10.04  Modification of the Plan after confirmation pursuant to the Bankruptcy Code and the Bankruptcy Rules.

10.05  Allowance of all claims and applications for payment of Administrative Claims and professional fees and expenses which may be paid by the Reorganized Debtor or its estate pursuant to the provisions of the Bankruptcy Code, and resolution of all disputes pertaining thereto.

10.06  Entry of a Final Order confirming substantial consummation of the Plan and closing the Chapter 11 Case.

## ARTICLE XI
### *Other Provisions*

11.01  **Post-Petition Adjustments**

(a)  *Purchase of Claims.* The Reorganized Debtor shall have the right to purchase or otherwise acquire the Claims of any creditor, provided that any offer to purchase or otherwise acquire such Claim shall be made to all the creditors in the Creditor's Class in writing and upon notice to the Creditor Trustee.

(b)  *Prepayment.* The Reorganized Debtor reserves the right to offer prepayment of claims to creditors before the expiration of the Plan without penalty or premium. Acceptance of prepayment by creditors shall be purely voluntary. The prepayment shall be conditioned upon: (i) no affect or impairment of the Reorganized Debtor's ability to satisfy its obligations under the Plan and (ii) that any prepayment applies to each creditor in the same class on a *pro rata* basis.

11.02  **Conditions to Effective Date.**  The following conditions precedent may affect the occurrence of the Effective Date: (1) failure to obtain confirmation; (2) modification of the Plan which requires approval of the court; (3) the Order of Confirmation is not vacated, amended, modified or stayed; or (4) the Order of Confirmation is the subject of any appeal, reconsideration or other review.

11.03  **Grace Period.**  The Reorganized Debtor shall have a grace period of thirty (30) days from and after the due date of any payment within which to make payment provided for hereunder and utilization of that grace period shall not constitute a default under the Plan.

11.04  **Lapsed and Unclaimed Distributions**

(a)  Any distribution that has not been cleared within 90 days of the date of the distribution will lapse. Lapsed distributions will revert to the Debtor.

(b)  If any distribution is returned as undeliverable, no further distributions to such creditor will be made unless the Debtor is notified in writing of the creditor's current address. Upon receipt of the notification, the Debtor will remit all missed distributions to the creditor without interest. All claims for undeliverable distributions must be made on or before the second anniversary of the Effective Date of the Plan. If a claim is not made within that time, all unclaimed distributions will revert to the Debtor. Nothing in the Plan will require the Debtor to attempt to locate any holder of an allowed claim.

Dated this 25th day of September, 2012.

Respectfully submitted:
NORTH AMERICAN SAFETY PRODUCTS, INC.,

By: _____
Nicole Pfeiffer
Its General Manager


By: /Beverly A. Berneman/
Beverly A. Berneman
One of its attorneys


Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 06189418)
GOLAN & CHRISTIE LLP
70 West Madison, Suite 1500
Chicago, Illinois 60602
312-263-2300

{00141130.DOC /}